### In re WHITE.

(Circuit Court of Appeals, Second Circuit. February 20, 1893.)

1. INTERSTATE EXTRADITION— FUGITIVES FROM JUSTICE — PURPOSE OF FLIGHT.
   Under Rev. St. § 5278, providing for interstate extradition, a person is a fugitive from justice when he has committed a crime within a state, and withdraws from the jurisdiction of its courts without waiting to abide the consequences, and it matters not that some other cause than a desire "to flee" induced such withdrawal. Roberts v. Reilly, 6 Sup. Ct. Rep. 291, 116 U. S. 80, followed.

2. SAME—HABEAS CORPUS—EVIDENCE.
   Where extradition proceedings are brought to remove a person from New York to Wyoming for the theft of certain shares of stock, it is not competent for such person, on habeas corpus, to show that the shares

were pledged to him by the person charging the theft; for, while it is proper to inquire as to the prisoner's identity, and as to whether he was within the demanding state when the alleged crime was committed, the question of his guilt or innocence cannot be inquired into. Leary's Case, 6 Abb. N. C. 43, followed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Petition by Charles A. White for a writ of habeas corpus to release him from the custody of James Vallely and Alfred D. Kelley, sheriff, by whom he was held for extradition to Wyoming to answer a charge of grand larceny. The circuit court remanded the prisoner, and dismissed the writ. The prisoner appeals. Affirmed.

W. M. Safford, for appellant.
Purdy & McManus, for appellee.

Before LACOMBE and SHIPMAN, Circuit Judges.

LACOMBE, Circuit Judge. This is an appeal from an order of the circuit court for the southern district of New York, dismissing a writ of habeas corpus. The petitioner and appellant was arrested on the 15th day of October, 1892, pursuant to the mandate of the governor of the state of New York, as a fugitive from justice from the state of Wyoming. The mandate recites a demand by the governor of the state of Wyoming for the return to that state of one Charles A. White, charged with grand larceny, and further recites that the demand of the governor of Wyoming was accompanied by certain papers duly certified by said governor to be authentic, which recitals are not disputed. A hearing was had before the governor of the state of New York, who, after such hearing, directed that White should be returned to the state of Wyoming in the custody of the agent named in the requisition of the governor of that state. Thereupon a writ of habeas corpus was issued out of the United States circuit court for the southern district of New York to inquire into the cause of the restraint and detention of White. The return of the officer having him in his custody set up the mandate of the governor of New York. Argument was had upon said writ and return, the petitioner introducing copies of the papers produced before the governor of New York at the time demand was made for White's return. There was no question raised as to the identity of the petitioner. The court decided that the writ should be dismissed, and the prisoner remanded. Thereupon a writ of error was sued out to this court for the purpose of reviewing such decision. With the demand for White's return, there were produced the following documents:

"The State of Wyoming, County of Laramie—ss.

"Before Justice of the Peace W. P. Carroll, Cheyenne Precinct.

"The State of Wyoming vs. Charles A White.

"Criminal Complaint.

"Walter R. Stoll, of the county of Laramie, in the state of Wyoming, being duly sworn according to law, deposes and says that one Charles A. White, late of the county aforesaid, on the first day of September, A. D. 1892, at

and in the county of Laramie, in the state of Wyoming, three hundred and fifty shares of the capital stock of the Ogalalla Land and Cattle Company, a corporation duly organized and existing under and by virtue of the laws of the state of Wyoming, of the value of forty-five dollars each, of the goods, chattels, and personal property of one Emma J. White, then and there being; three hundred and forty-one shares of the capital stock of the Union Mercantile Company, a corporation duly organized and existing under and by virtue of the laws of the state of Wyoming, of the value of one hundred dollars each, of the goods, chattels, and personal property of the said Emma J. White, then and there being; and twelve bonds of the Penn Cattle Company, a corporation duly organized and existing under and by virtue of the laws of the state of Pennsylvania, of the value of one thousand dollars each, of the goods, chattels, and personal property of the said Emma J. White, then and there being,—feloniously did steal, take, and carry away, contrary to the statute in such case made and provided, and against the peace and dignity of the state of Wyoming.

"Walter R. Stoll.

"Subscribed and sworn to before me this 11th day of October, A. D. 1892.
　[Signed]　　　　　　　　　　　"W. P. Carroll, Justice of the Peace.

"State of Wyoming, County of Laramie—ss

"I hereby certify that the above and foregoing is a true and correct copy of the original complaint now on file in my office in the above and foregoing entitled case, together with all the indorsements thereon.
　[Signed]　　　　　　　　　　　"W. P. Carroll, Justice of the Peace."

Affidavit.

"State of Wyoming, County of Laramie—ss.

"Robert W. Breckons, being duly sworn, deposes and says that he is the duly-appointed assistant county and prosecuting attorney of the county of Laramie, state of Wyoming; that on the 11th day of October, A. D. 1892, one Walter R. Stoll made a criminal complaint before Justice of the Peace W. P. Carroll, of the county of Laramie, of Cheyenne precinct, charging one Charles A. White with the crime of grand larceny; that the said justice of the peace thereupon duly issued a warrant for the arrest of the said Charles A. White; that the offense of grand larceny, in this state, is a felony; that affiant is reliably informed that the said Charles A. White left the city of Cheyenne, county of Laramie, and state of Wyoming, on the 6th day of September, A. D. 1892; that he is likewise reliably informed that the said Charles A. White is at present in the state of New York; he believes the said Charles A. White to be in the state of New York for the reason that he has been so informed by prominent and reliable citizens of the county of Laramie, who have recently seen him there; that the said Charles A. White is a fugitive from justice from the state of Wyoming; that he requests a requisition upon the governor of the state of New York for the purpose of bringing the said Charles A. White to the county of Laramie to try him for the crime above named; that the object of having the said Charles A. White brought to the county of Laramie from the state of New York is that he may be punished for the crime with which he is charged in said county, and not for the purpose of bringing against him any civil claim, suit, action, or proceeding, or for any purpose whatever except to have him answer for the crime charged against him.
　[Signed]　　　　　　　　　　　"Robert W. Breckons.

"Subscribed and sworn to before me this 11th day of October, A. D. 1892.
　[Signed]　　　　　　　　　　　"Anna Morley, Notary Public."
　[Seal.]

The regularity of the proceedings is to be tested by the provisions of section 5278, Rev. St. U. S., which reads as follows:

"Sec. 5278. Whenever the executive authority of any state or territory demands any person, as a fugitive from justice, of the executive authority of any state or territory to which such person has fled, and produces a copy of an indictment found, or an affidavit made before a magistrate of any state

or territory, charging the person demanded with having committed treason, felony, or other crime certified as authentic by the governor or chief magistrate of the state or territory from whence the person so charged has fled, it shall be the duty of the executive authority of the state or territory to which such person has fled to cause him to be arrested and secured, and to cause notice of his arrest to be given to the executive authority making such demand, or to the agent of such authority appointed to receive the fugitive, and to cause the fugitive to be delivered to such agent when he shall appear. If no such agent appears within six months from the time of the arrest, the prisoner may be discharged."

The appellant contends that the affidavits produced are insufficient; that he was not a fugitive from justice, within the meaning of the section; and that the court below erred in refusing to receive the evidence offered by him to overcome the presumption that he was such fugitive, arising from the issuing of the warrant of removal by the executive of the state to whom the demand was presented. The criminal complaint sworn to by Walter R. Stoll is in all essentials an affidavit, and charges the petitioner with stealing shares of stock and corporation bonds of sufficient value to constitute the offense of grand larceny, which offense the affidavit of Breckons shows to be a crime under the laws of Wyoming. The affidavit of Breckons also shows that White left Wyoming five days after the day on which the offence is alleged in Stoll's affidavit to have been committed, and came to New York. Such a showing is quite sufficient to warrant the conclusion that petitioner was a fugitive from justice from the state of Wyoming. The evidence as to the circumstances of his departure from Wyoming, offered by his counsel, was irrelevant and immaterial. The offer was to prove that White came from Wyoming to New York on legitimate business at the suggestion of his wife, from whom it is alleged he stole the stocks and bonds, and of Stoll, who swore to the complaint; that he came to put his son at school in Poughkeepsie, and to organize a coal company as agent for his wife. Proof of these facts, however, would in no respect alter the situation. A person is a fugitive from justice when, having committed a crime within a state, he withdraws himself from the jurisdiction of its courts without waiting to abide the consequences of such act, and it matters not that some other cause than a desire "to flee" induced such withdrawal. As stated by the supreme court, (Roberts v. Reilly, 116 U. S. 80, 6 Sup. Ct. Rep. 291,) it is not necessary that the party charged should have left the state "for the purpose of avoiding a prosecution anticipated or begun, but simply that, having within a state committed that which by its laws constituted a crime, when he is sought to be subjected to its criminal process to answer for his offense, he has left its jurisdiction, and is found within the territory of another."

Petitioner also offered to prove that the affiant Stoll had no personal knowledge of the matters alleged in his criminal complaint, and that all of the securities alleged by said Stoll to have been stolen were pledged to Charles A. White in and by a promissory note which is in the handwriting of said Walter R. Stoll. Substantially, this was a proposition to go into proof as to the guilt or innocence of the accused. No authority cited upon the argument goes to any

such extent. In Ex parte Reggel, 114 U. S. 651, 5 Sup. Ct. Rep. 1148, it was held that the petitioner "was entitled, under the act of congress, to insist upon proof that he was within the demanding state at the time he is alleged to have committed the crime charged, and subsequently withdrew from her jurisdiction, so that he could not be reached by her criminal process." In Roberts v. Reilly, 116 U. S. 80, 6 Sup. Ct. Rep. 291, the question whether or not Roberts was a fugitive from justice was considered solely in reference to the date when he left the state of New York, in which it was alleged that the offense had been committed. In Ex parte Cook, 49 Fed. Rep. 833, the sole question was as to the date of the prisoner's departure from the state, relatively to the date upon which the alleged crime was consummated. Nor, upon principle, and in the absence of controlling authority, should the statute be construed as authorizing an inquiry into the guilt or innocence of the prisoner in the tribunals of the state where he is found. As stated in the elaborate and able opinion of Judge Choate, (Leary's Case, 6 Abb. N. C. 43,) extradition between the states is in the nature of a national police regulation, for securing the persons of those as to whom there is probable cause to believe they are offenders against the laws, for trial in the locality where the alleged offense was committed. To the extent provided for in the constitution, the states gave up their independent sovereignty, and pledged themselves, each to the others, that it would become to that extent an agency as to the administration of the laws of the others against treason, felony, or other crime. The constitution (article 4, § 2) provides for the return of "a person charged with treason, felony, or other crimes," and the statute uses similar language. When the executive of the state in which the alleged offender is found is furnished with proof that he is so charged, the demand of the state from the jurisdiction of whose tribunals he has absented himself should be complied with, and the courts will not go behind the "indictment" or "affidavit," if regular in form, and specifically charging the commission of the offense within the jurisdiction of the demanding state, to try the question whether a crime was in fact committed, though identity will always be investigated, and it is proper to inquire whether the prisoner was in fact within the demanding state when the alleged crime was committtted; for, if he were not, it could not be properly held that he had fled from it. On neither of these points, however, was there any question in this case.

The order of the circuit court, dismissing the writ, is affirmed.