## In re BLOCH.

### (District Court, W. D. Arkansas.   March 18, 1898.)

1. HABEAS CORPUS—ARREST FOR EXTRADITION—IDENTITY OF PRISONER.

In habeas corpus proceedings for the discharge of a prisoner held under an extradition warrant issued by the governor of a state, the question of the prisoner's identity cannot be raised by demurrer to the return of the officer to the writ.

2. SAME—RECITALS IN EXTRADITION WARRANT—BURDEN OF PROOF.

In habeas corpus proceedings for the discharge of a prisoner held under an extradition warrant issued by the governor of a state in conformity with the requirements of the act of congress, a recital in the warrant that the prisoner is a fugitive from justice will be taken as true until overcome by satisfactory proof.

3. EXTRADITION—FUGITIVE FROM JUSTICE.

Where one has left the state in which he is indicted for a crime, he is a fugitive from justice, in the sense of the act of congress relating to the extradition of criminals, whatever may have been his motive in leaving the state.

4. SAME—HABEAS CORPUS PROCEEDINGS—MATTERS CONSIDERED.

In habeas corpus proceedings for the discharge of a prisoner held under an extradition warrant issued by the governor of a state, the federal court will not consider or pass upon any matters of defense to the indictment upon which the extradition is based, nor a charge that the requisition proceedings are instigated by malice, and intended to annoy and harass the petitioner.

Hill & Brizziliara, for petitioner.

Haynie R. Pearson and Read & McDonough, for People of State of Illinois.

ROGERS, District Judge.   The petitioner sued out a writ of habeas corpus for his release from the arrest of T. W. Bugg, sheriff of Sebastian county, Ark., and his deputies, and one Frank Tyrrell. The said sheriff, having said Bloch in custody, filed his response to the writ, alleging, in substance, that he had arrested the defendant and held him in custody under a writ issued by the governor of Arkansas, commanding him to arrest the said Abe Bloch for a crime under the laws of the State of Illinois, known as "confidence game," the said warrant for the arrest of the said Abe Bloch being issued by the governor of the state of Arkansas upon demand by the governor of the state of Illinois, the said demand being accompanied by a copy of the indictment against the said Abe Bloch, which indictment was duly authenticated, all of which is shown in said warrant, which is thereto attached, and the said Abe Bloch being a fugitive from justice from the said state of Illinois, which is also shown by the said warrant thereto attached, and that he holds the said Abe Bloch in obedience to the said warrant, ready to be turned over and delivered to the agent of the state of Illinois,

Frank Tyrrell, who is present to receive the said Abe Bloch, and convey him to the state of Illinois, to be dealt with according to law and justice. The writ of the governor attached to said response recites the following facts: That the governor of the state of Illinois had issued a writ or requisition, accompanied by a copy of the indictment in said state of Illinois, which is duly authenticated, demanding the body of Abe Bloch, charged in said state with the crime of confidence game, which is duly certified to be a crime under the laws of said state; and that it having been shown by satisfactory evidence that the said Abe Bloch fled from the justice of said state, and has probably taken refuge in the state of Arkansas, to the end, therefore, that justice may be done in the premises, the sheriff of any county, in the state of Arkansas, is commanded to take the body of the said Abe Bloch, and him safely keep and cause him to be delivered to Frank Tyrrell, the agent of the state of Illinois, to be taken into said state, that he may be dealt with as law and justice require. This response with the writ attached thereto is sufficient in form, and conforms in all substantial particulars to the requirements of the constitution and laws of the United States for the extradition of fugitives from justice. The authority for the issuance of the writ by the governor, and its execution by the sheriff, are fully made to appear, and it is not contended that the papers are not, in every respect, regular on their face.

A demurrer was interposed to the response of the sheriff. This demurrer concedes the truth of all the allegations set forth in the response. It seeks to raise two questions: First, that the Abe Bloch under arrest is not identified as the Abe Bloch under arrest; second, that the response is insufficient in law. The first question cannot be raised by demurrer. That ground of demurrer is in the nature of a speaking demurrer; that is to say, it undertakes to raise a question of fact, whereas the office of a demurrer is to test the sufficiency of the facts, admitting them to be true. The second ground of the demurrer, namely, that the response is insufficient, I think, is wholly without merit. Every fact required by the act of congress for the extradition of fugitives from justice is made to appear by the response of the sheriff, and the exhibits attached thereto. The demurrer therefore should be overruled.

The petitioner also filed a reply to the response. It is long, and no good purpose can be subserved by setting it out at length. Suffice it to say, I regard the matter set up therein as irrelevant and immaterial. It appears by the response, and I think conclusively in connection with the record introduced in evidence, that the petitioner is the Abe Bloch named in the writ. The chief point sought to be raised by the response is as to whether or not Abe Bloch is a fugitive from justice. Prima facie the finding of fact by the governor, and which is recited in the body of the writ, to wit, "and it having been shown by satisfactory evidence that the said Abe Bloch fled from the justice of said state, and has probably taken refuge in the state of Arkansas," must be treated as true. Has this prima facie case been overturned by the response? I

do not think it has. It is shown on the face of the response, and appears from a copy of the indictment filed with the papers in the case, that the crime alleged against him was committed on the 1st day of November, 1897, in Cook county, Ill.; and it also appears from the response that the said Abe Bloch was in Cook county, Ill., on the 1st day of November, 1897, and remained there "many days after the first." It also appears from the response that after that time, and during the month of November, defendant absented himself from the state of Illinois, and since that time has been in the state of Arkansas. Under the law, the court is of the opinion that this response, instead of removing the prima facie case made by the governor's writ, confirms the fact recited in the governor's writ that the said Abe Bloch is a fugitive from justice.

The supreme court of the United States, in Roberts v. Reilly, 116 U. S. 80, 6 Sup. Ct. 291, in considering the question as to whether a person demanded was a fugitive from justice, say:

"It is conceded that the determination of the fact by the executive of a state, in issuing his warrant of arrest upon a demand made on that ground, whether the writ contains the recital of an express finding to that effect or not, must be regarded as sufficient to justify the removal until the presumption in its favor is overturned by contrary proof. Ex parte Reggel, 114 U. S. 642, 5 Sup. Ct. 1148. * * * To be a fugitive from justice, in the sense of the act of congress regulating the subject under consideration, it is not necessary that the party charged should have left the state in which the crime is alleged to have been committed, after an indictment found, or for the purpose of avoiding a prosecution, anticipated or begun, but simply that having within a state committed that which by its laws constitutes a crime, when he is sought to be subjected to its criminal process, to answer for his offense, he has left its jurisdiction, and is found within the territory of another."

This decision is supported by innumerable authorities, and I think is settled law in the federal and other courts. I need not take the time to collate them. See Ex parte Brown, 28 Fed. 653; In re Voorhees. 32 N. J. Law, 141; People v. Pinkerton, 17 Hun, 199; U. S. v. Smith, Bruner, Col. Cas. 87, Fed. Cas. No. 16,332; In re Keller, 36 Fed. 681; In re White, 5 C. C. A. 29, 55 Fed. 54; State v. Richter, 37 Minn. 436, 35 N.W.9; Hibler v. State, 43 Tex. 197; In re Roberts, 24 Fed. 132; In re Kingsbury's Case, 106 Mass. 223; Ex parte Swearingen, 13 S. C. 74; In re Greenough, 31 Vt. 279; In re Adams, 7 Law Rep. 386; Jackson's Case. 12 Am. Law Rev. 602; Ex parte Smith, 3 McLean, 131, Fed. Cas No. 12,968.

In Ex parte Dawson, 28 C. C. A. 681, 83 Fed. 306, the court of appeals of the Eighth circuit say:

"And where the requisition and a copy of the indictment accompanying it are not made a part of the return, and the warrant alone, as in this case, is before the court, it must show: First, that a demand by requisition has been made for the party in custody as a fugitive from justice; second, that the requisition was accompanied by a copy of an indictment or affidavit charging the commission of the offense; that the copy of such indictment or affidavit was certified by the governor of the state making the demand, as authentic."—citing Roberts v. Reilly, 116 U. S. 80, 6 Sup. Ct. 291; Ex parte Reggel, 114 U. S. 642, 5 Sup. Ct. 1148; In re Doo Woon, 18 Fed. 898; Ex parte Smith, 3 McLean, 121, Fed. Cas. No. 12.968; People v. Donohue, 84 N. Y. 438.

The papers in that case did not strictly conform to the requirements of the act of congress. In the case at bar they do. In that case the court said:

"The federal court will not, however, on habeas corpus, discharge a prisoner charged with a violation of the criminal laws of one state, and apprehended in another, where it appears by the recitals contained in the warrant by virtue of which he was arrested, and the record of the extradition proceedings, that any right, privilege, or immunity secured him by the constitution and laws of the United States will be violated by remanding him to the custody of the agent of the state demanding him."

It will be seen from an examination of the cases cited precisely what is required under the act of congress in order to secure the extradition of a fugitive from justice, and it will appear that where the papers show on their face that the petitioner is indicted for the commission of a crime in another state, and has left that state, in law he is a fugitive from justice, whatever his motive in leaving the state where the offense was committed may have been.

The response sets up the statute of limitations of former trial and acquittal for the same offense. It is sufficient to say that matters of that kind, and all other matters of defense, must be referred to the courts in Illinois. The response also contains matter tending to show that the requisition papers have been set on foot and are instigated by malice, and not in good faith, and are intended to harass and annoy the petitioner. It is sufficient to say that these are matters which must either go to the courts in Illinois, or to the governor of the state of Arkansas, who issued the warrant. It is not a question that this court has a right to pass upon under habeas corpus. Nor do they, if true, constitute any predicate for affirmative relief by the court.

The court will overrule the motion to strike, and let the answer stand, but finds the fact to be that the Abe Bloch under arrest is the Abe Bloch designated in the writ of the governor, and is, in law, a fugitive from justice from the state of Illinois. The court is therefore of opinion that the writ should be denied; that his petition be dismissed; and that he be remanded to the custody of the sheriff of Sebastian county, Ark., to be dealt with according to law, and in conformity with the writ under which he was held when the writ of habeas corpus was sued out.