BRUCE v. RAYNER, Atty. Gen. of Md., et al.

(Circuit Court of Appeals, Fourth Circuit. July 17, 1903.)

No. 483.

1. INTERSTATE EXTRADITION—MATTERS REVIEWABLE ON HABEAS CORPUS—
FLEEING FROM JUSTICE.

The question whether a person arrested on a governor's warrant for return to another state on requisition from its Governor is a fugitive from the justice of such state is one of fact, which may be inquired into by the courts on a writ of habeas corpus, the decision of the Governor in issuing his warrant being prima facie evidence of the fact, but not conclusive; although, when such decision was made after a hearing and on conflicting evidence, it will not be reversed by a court.

2. SAME—EVIDENCE RECEIVABLE.

In habeas corpus proceedings for the discharge of a person held under an extradition warrant issued by the Governor of a state, the court will not receive evidence tending to show the guilt or innocence of the person whose surrender is sought in determining the question whether or not he is a fugitive from justice.

3. SAME.

In habeas corpus proceedings for the discharge of a person held under an extradition warrant for return to another state to answer to an indictment for bigamy, where, under the statute of such state, a prosecution for bigamy is barred in two years after the date of the offense, unless the accused flees from justice, and the indictment upon which the requisition was based was found more than two years after the date of the offense laid therein, it is competent for the petitioner to show that he remained in such state, without being concealed, for more than two years after the date of the alleged offense, since such evidence does not go to any matter of defense, but tends to prove that petitioner is not a fugitive from justice.

Appeal from the Circuit Court of the United States for the District of Maryland.

This case comes up on appeal from the Circuit Court of the United States for the District of Maryland. Thomas Bruce, the appellant, being in custody of an agent of the state of New Jersey under the warrant of the Governor of Maryland, applied on the 2d January, 1903, to the Circuit Court of the United States for a writ of habeas corpus. His petition sets forth his arrest and alleged unlawful detention under a warrant issued by the Governor of Maryland in response to a requisition of the Governor of New Jersey, and proceeds as follows: "Third. Your petitioner is advised and believes and charges that the said requisition is based upon an indictment alleged to have been found by a grand jury in and for the county of Essex, in the state of New Jersey, which indictment your petitioner charges is defective, illegal, null and void, and without reasonable or adequate foundation in law or in fact, and without probable cause; and your petitioner charges that said indictment does not show that any crime has been committed by him under the laws of the state of New Jersey, although professing so to charge him with the crime of bigamy." The writ of habeas corpus having been issued, the body of the prisoner was produced, and a return made to the writ. This return avers that the prisoner, Thomas Bruce, is lawfully in custody by virtue of a warrant issued to the agent of the state of New Jersey by the Governor of the state of Maryland, upon the request of the Governor of New Jersey, on the ground that said Thomas Bruce is within the state of Maryland as a fugitive from justice of the state of New Jersey, under an indictment charging him with bigamy, a crime committed by him within the state of New Jersey, against the laws of New Jersey; the papers accompanying the

¶ 1. See Habeas Corpus, vol. 25, Cent. Dig. § 90.

demand by said Governor of New Jersey being certified as authentic by him. To this return the petitioner, Thomas Bruce, replied that he is not lawfully in custody, has not been properly indicted for any offense against the laws of New Jersey, especially and particularly of the crime of bigamy, and also denying that he is a fugitive from justice of the said state. Hearing the return, the court discharged the writ, and remanded the petitioner into custody. Leave to appeal was granted, and the cause is here on eight assignments of error. The first six of these allege for error that the court did not hold that the indictment presented to the Governor of Maryland did not properly and legally charge the petitioner with a crime against the laws of New Jersey. The laws of New Jersey on this subject appear hereafter. The seventh and eight assignments of error charge errors in the court in excluding testimony offered by the petitioner for the purpose of showing that within the two years succeeding 11th March, 1897, the date charged in the indictment as the date of the alleged offense, the petitioner was a resident of the state of New Jersey, and, except at intervals, when absent on business, was not without the reach of criminal process in said state. And, further, that the petitioner was a resident of the said state of New Jersey, living there, except at intervals when absent on account of business, prior to said alleged offense, until about December 1, 1900. The warrant of the Governor of Maryland does not disclose whether he considered any evidence bearing upon the question was the petitioner, Thomas Bruce, a fugitive from justice; nor whether he considered the sufficiency of the indictment. When the cause was heard in the Circuit Court no testimony was received upon the question was the petitioner a fugitive from justice. Apparently the court did not go behind the warrant of the Governor of Maryland.

Richard B. Tippett and Wilson J. Carroll (Thomas I. Elliott, on the brief), for appellant.

Edgar Allan Poe (Robert M. McLane, on the brief), for appellees.

Before GOFF and SIMONTON, Circuit Judges, and KELLER, District Judge.

SIMONTON, Circuit Judge (after stating the facts as above). Was this error on the part of the court? Section 2, cl. 2, art. 4, of the Constitution of the United States, declares:

"That a person charged in any state with treason, felony or any other crime who shall flee from justice and be found in another state, shall on the demand of the executive of the state from which he fled be delivered up to be removed to the state having jurisdiction of the crime."

Provision for executing this mandate of the Constitution is made in sections 5278–5279, Rev. St. U. S. [U. S. Comp. St. 1901, p. 3597]. Whenever, however, a person charged with being a fugitive from justice is arrested under a warrant of the governor of a state for delivery to the authorities of the demanding state, he is entitled to invoke the judgment of the judicial tribunals, either federal or state, by writ of habeas corpus upon the lawfulness of his arrest and imprisonment. Roberts v. Reilly, 116 U. S. 94, 6 Sup. Ct. 291, 25 L. Ed. 544; Robb v. Connolly, 111 U. S. 624, 4 Sup. Ct. 544, 28 L. Ed. 542; Ex parte Hart, 63 Fed. 249, 11 C. C. A. 165, 25 U. S. App. 22, 28 L. R. A. 801. When a demand of this character is made on the Governor of a state, two questions are presented to him: First. Is the person demanded substantially charged with a crime against the laws of the state from whose justice it is alleged that he has fled by an indictment or affidavit properly certified? Second. Is he a fugitive from justice from the state demanding him?

The first is a question of law, and as such always open to judicial inquiry on the face of the papers on application for discharge under a writ of habeas corpus. Roberts v. Reilly, supra. The second is a question of fact, and the issuance of a writ of remand by the Governor is prima facie and presumptively conclusive of this fact, whether he makes an express finding thereon or not. Roberts v. Reilly, supra. In this case it is said:

"How far the decision of the Governor on this question of fact may be reviewed judicially in proceedings in habeas corpus, or whether it is not conclusive, are questions not settled by harmonious judicial decisions, nor by any authoritative judgment of the Supreme Court of the United States."

But the learned judge delivering the opinion treats the conclusion of the Governor as prima facie and presumptively correct only until such presumption is overthrown by contrary proof. To the same effect is Ex parte Reggel, 114 U. S. 653, 5 Sup. Ct. 1148, 29 L. Ed. 250. Both of these cases go into an examination of the facts, and coincide in the conclusion of the Governor. A fugitive from justice is one who, having committed a crime within a state, either conceals himself within the state or departs therefrom so that he cannot be reached by ordinary process. Therefore, in determining whether he be delivered on the demand of the state in which he is charged with crime, it must appear not only that he was properly indicted; it must also appear that he was within the state when the crime charged was committed, and also that he had concealed himself, or had absconded, so that he could not be reached by ordinary process. Ex parte Reggel, 114 U. S. 651, 652, 5 Sup. Ct. 1148, 29 L. Ed. 250. So it would seem that the question of fact is always open to inquiry. The mere requisition of the Governor of the demanding state cannot be accepted as conclusive of the facts, else the accused person may be remanded, notwithstanding incontestable proof that he had never been within the state whose executive is demanding him. Ex parte Reggel, 114 U. S. 652, 5 Sup. Ct. 1148, 29 L. Ed. 250. It is clear, therefore, that this fact is open to proof and examination. Hyatt v. New York, 23 Sup. Ct. 456, 47 L. Ed. 657. And if one fact which constitutes the term "fugitive from justice" can be inquired into, why should not the other facts, equally necessary, be also inquired into? It is no doubt true that, if conflicting evidence has been submitted to the Governor of the state in which the person is found upon the question of fact, and he, considering it, had decided to deliver the person demanded, the presumption being always in favor of the Governor's decision, the courts will not inquire into and reverse his decision. As is said in Hyatt v. New York, supra:

"If, upon a question of fact made before the Governor, which he ought to decide, there were evidence pro and con, the courts might not be justified in reversing the decision of the Governor upon the question. In a case like that, where there was some evidence sustaining the finding, the courts might regard the decision of the Governor as conclusive."

In the case at bar the record does not disclose whether any evidence was offered before the Governor of Maryland, or whether he acted solely on the requisition. If the delivery of Bruce had been perfected, and he had been restored to the jurisdiction of New Jer-

sey, then no inquiry into the action of the Governor of Maryland could be made. "His warrant, unassailed by competent authority, is complete justification of the arrest and surrender of the alleged fugitive. When so delivered by virtue of such warrant, his surrender is lawful, and the demanding state has rightful possession of his person, and may lawfully subject him to criminal process for the offense charged. The executive warrant has then spent its force. It is no longer operative." In re Cook (C. C.) 49 Fed. 841. See, also, Streep v. United States, 160 U. S. 128, 16 Sup. Ct. 244, 40 L. Ed. 365. In the case In re Cook, above quoted, Jenkins, J., speaking for the Circuit Court of Appeals says:

"It is essential to compliance with such executive demand that the person whose surrender is demanded be adjudged a fugitive from justice of the demanding state. The decision of the executive is not conclusive of that fact. And so we are of the opinion that the action of the executive is reviewable by federal tribunals, and it is competent for the courts to determine whether in fact the demanded person is a fugitive from justice."

He sustains this doctrine by quoting from a number of state cases. An important question in this connection is, what kind of testimony can be admitted? It would seem that it is not competent either for the Governor or for the court to go into evidence tending to show the guilt or innocence of the party whose surrender is sought. This would, in effect, be a trial of the case, although the manifest design of the Constitution and the act of Congress is that the party demanded should be remitted for trial exclusively in the state in which he stands charged with having committed the offense. In re Leary, Fed. Cas. No. 8,162. See, also, In re White, 55 Fed. 54, 5 C. C. A. 29, which says:

"Nor upon principle and in the absence of controlling authority should the statute be construed as authorizing an inquiry into the guilt or innocence of the person in the tribunals of the state in which he is found."

And, also, in Re Bloch (D. C.) 87 Fed. 981, it is said:

"In habeas corpus proceedings for the discharge of a person held under an extradition warrant issued by the Governor of a state, the federal courts will not consider or pass upon any matters of defense to the indictment upon which extradition is based, nor a charge that the requisition proceedings are instigated by malice, and intended to annoy or harass the petitioner. Whether the charge is legally and sufficiently laid in the indictment is a judicial question to be decided by the courts of the state in which the crime was committed, and not by the executive authority of a state upon whom the demand was made."

Kentucky v. Dennison, 24 How. 66, 16 L. Ed. 717.

So, also, such inquiry cannot be made by the court reviewing the action of the governor.

The indictment presented to the Governor of Maryland was in these words:

"Essex Oyer and Terminer and General Jail Delivery. September Term, A. D., 1902. Essex County, to-wit:—The grand jurors of the State of New Jersey, in and for the County of Essex, upon their oath, Present, that Thomas Bruce, late of the City of Newark, in the County of Essex aforesaid, on the twelfth day of November, eighteen hundred and seventy-nine, at the City of Richmond, in the State of Virginia, did marry and have for his wife, one Louisa Howard, and afterwards while the said Thomas Bruce was so married

to the said Louisa Howard, did on the eleventh day of March, in the year of our Lord, one thousand eight hundred and ninety-seven, with force and arms at the City of Newark aforesaid, in the County aforesaid, and within the jurisdiction of the court, unlawfully marry and take to wife one Mary Cecilia Hannon, the said Louisa Howard then and there being still alive and the lawful wife of the said Thomas Bruce, contrary to the form of the Statute in such case made and provided, and against the peace of the State, the government and dignity of the same."

It is stated in the petition of Thomas Bruce that he was living in New Jersey anterior to and at the time of the commission of the crime charged in the indictment, and that he continued to live in the state of New Jersey, occasional absence for business excepted, up to December, 1900. Does this allegation go to the sufficiency of the indictment? Is it a matter of defense, or is it an allegation bearing upon the question, is he a fugitive from justice? The petitioner is indicted for the crime of bigamy under the statute of New Jersey above quoted. The crime alleged is that, being already married to a living wife, he went through the ceremony of marriage with another person. That act constituted the crime. And it is not a continued crime. The cohabitation after the second marriage is not involved in the charge of bigamy. The date of the marriage is essential, for the second marriage, to be a crime, must have been entered into whilst the accused has a wife living. A statute of the same state of New Jersey (Gen. St. p. 1145, § 130) declares as follows: "Nor shall any person be prosecuted, tried or punished for any offense not punishable by death" (of which bigamy is one), "unless the indictment shall be found within two years from the time of committing the offense. * * * Provided further, that nothing herein contained shall extend to any person fleeing from justice." The indictment in this case, as we have seen, was found September term, 1902, and charges bigamous marriage of the petitioner as of the 11th March, 1897. It thus appears that, in order to prosecute, try, or punish one charged with bigamy in New Jersey, it must appear that he or she, having a wife or husband living, has been guilty of the act of marriage to another person within two years of the finding of the indictment; and that, unless such indictment is so brought within the said two years, the prosecution will not lie, unless the person accused be a fugitive from justice. Now, we have seen that, to make one a fugitive from justice, it must appear, first, that he was within the state when the crime charged is alleged to have been committed; second, that, being amenable to criminal process, he either concealed himself, or avoided it so that he could not be served, or that he departed the state, and so avoided service. If, therefore, it could be shown that he did not conceal himself within the state during the period which he was amenable to criminal process, this would be evidence tending to establish the fact that he was not a fugitive from justice. This testimony would not go to the sufficiency of the indictment, or to any manner of defense; it would be directed solely to the question whether he was a fugitive from justice—a question of fact. The court, as has been seen, can inquire whether the accused was within the state at the date of the alleged crime, and pursuing its inquiry it can ascertain if, being within the State at that time, he remained within

reach of its criminal process during the whole period for which such process could run. If this be established, then it could reasonably be concluded that he is not a fugitive from justice, and so not within the provisions of the Constitution or of the act of Congress. It is not a question of pleading, presented to the court on the trial of the accused, as in United States v. Cook, 17 Wall. 168, 21 L. Ed. 538, but a question of fact to be disposed of before remanding the accused to the demanding state. He cannot be remanded unless he be a fugitive from justice.

To sum up: We are of the opinion that the Circuit Court hearing the case on the petition, return, and replication in habeas corpus could judicially inquire into the sufficiency of the indictment under which petitioner was demanded (Ex parte Hart, 63 Fed. 249, 11 C. C. A. 165, 25 U. S. App. 22, 28 L. R. A. 801); that it could also judicially inquire into the facts bearing upon the question whether the petitioner was or was not a fugitive from justice, and that the court erred in not·permitting testimony to be introduced touching this question.

It is ordered that the cause be remanded to the Circuit Court, with instructions to receive such testimony as will properly bear upon the question whether or not the petitioner in this case was a fugitive from justice.