# Compton v. The State.

## Habeas Corpus.

(Decided July 2, 1907. 44 South. 685.)

1. *Evidence; Foreign Law; Books.*—Under the provisions of section 1821, Code 1896, a book purporting to contain the laws of Georgia, on the first page of which is printed, "The Code of the State of Georgia, adopted Dec. 15, 1895. Prepared by John L. Hopkins, Clifford Anderson and Joseph R. Lamar. Volume III. Atlanta, Ga." And on the opposite page, "Entered according to the Act of Congress, in 1896, by the state of Georgia, in the office of the Librarian of Congress at Washington," is sufficiently authenticated to justify its admission as evidence of the law of Georgia.

2. *Extradition; Preliminary Proceedings; Sufficiency.*—Under section 558, and 884, of the Code of Georgia 1895, an affidavit which recites that the prosecutor made the same before T. a notary public of Fulton county, Georgia, and which was headed, "State of Georgia, Fulton County," and which recites that the prosecutor came before such notary public, and being sworn said, that from the best of his knowledge and belief, the defendant Compton was guilty of a misdemeanor, in that (stating fully the offense) and sworn to on knowledge is sufficient on which to base a warrant that was issued for the arrest of defendant.

[Compton v. The State.]

3. *Habeas Corpus.*—Under the provisions of Rev. St. U. S. sec. 5278, (U. S. Comp. St. 1901, p. 3597) the accused cannot require the court of the state in which he was arrested on the warrant of the governor to inquire into the merits of the crime charged, under a petition for habeas corpus; the burden being on him to disprove the prima facie case presented against him, and to establish either that he was not a fugitive from justice, or that the process under which he was arrested was void.

APPEAL from Montgomery City Court.

Heard before Hon. W. H. THOMAS.

J. D. Compton filed petition to be discharged on habeas corpus. From an order denying the writ, and remanding the petitioner to the custody of the extradition agent of the state of Georgia, he appeals. Affirmed.

J. M. CHILTON, and HILL, HILL & WHITING, for appellant.—Section 5228, Rev. St. U. S. provides for a method that is summary in its effects, and must, therefore be strictly complied with.—*Ex parte Morgan,* 20 Fed. Rep. 298; *In re Mohr,* 73 Ala. 502; *Barrier v. The State,* 142 Ala. 72. The last case cited above lays down the rule as to when a prima facie case is made out against a party arrested on extradition request. The validity of the affidavit and of any other essential step in the proceeding is open to inquiry on habeas corpus. —*In re Mohr, supra; People v. Pinckerton,* 77 N. Y. 245; *Ex parte Divine,* 74 Miss. 715. The affidavit is invalid because not made before a magistrate within the meaning of the Act of Congress, or under the laws of Georgia.—Sec. 882, Code of Georgia; *Ex parte Powell,* 20 Fla. 806; *Ex parte Hardt,* 63 Fed. Rep. 250. An affidavit made on information and belief will not suffice.— *Ex parte Hardt, supra; Ex parte Morgan, supra; Ex parte Rowland,* 35 Tex. Crim. 108. The Constitution of the State of Alabama which declares that no warrant shall issue to search any place or to seize any person or thing without probable cause supported by oath or

[Compton v. The State.]

affirmation applies to warrants issued under proceedings of this character as well as to any other class of warrant.—*City of Selma v. Shivers,* 43 South. 564; *Monroe v. The State,* 137 Ala. 88; 130 Ala. 127; 94 Ala. 106; 82 Ala. 29; Code 1896, § 4600. And our Constitution is in harmony with the Act of Congress. The affidavit does not charge any offense under the laws of Georgia.—*Copeland v. The State,* 97 Ala. 30; *Cowles v. The State,* 50 Ala. 454; 8 Enc. P. & P. 870. The law requires that some offense should be charged and in the absence of essential averments no offense is charged either at common law under the statutes of Georgia or the state of Alabama.—*Barrier v. The State, supra; Ex parte Hardt, supra; Ex parte Morgan, supra.* The laws of Georgia were not sufficiently authenticated to be admitted.—*Johnson v. The State,* 73 Ala. 483; *Edmonds v. The State,* 79 Ala. 48; Sec. 1821, Code 1896. While experts may prove the construction that laws have received they cannot prove the statutes themselves.—*Bush v. Garner,* 73 Ala. 162. Nor can they be proven by the deposition of witnesses.—*Lee v. Matthews,* 10 Ala. 683.

ALEXANDER M. GARBER, Attorney General, and TYE & BRYAN, and STEINER, CRUM & WEIL, for appellees.—The warrant of the governor and the papers property certified from the state of Georgia made out a prima facie case against the petitioner.—*Barrier v. The State,* 142 Ala. 72. The fact that the affidavit was made before a notary public can have no bearing to vitiate the proceedings when considered in the light of section 11, of the act of the legislature of Georgia creating the criminal court of Atlanta.—*Hooper's Case,* 52 Wis. 699; *In re VanSchever,* 42 Neb. 772; *State v. Richardson,* 34 Minn. 115; *State v. Hufford,* 28 Ia. 391; *In re Kellar,* 36 Fed. 681; *Davis's Case,* 122 Mass. 828; *Ex parte*

*Divine,* 74 Miss. 715. There must be some charge in the demanding state against the accused in proper form before he can be extradited.—*Farrell v. Hawley,* 112 Am. St. Rep. 124, and note, but each state may prescribe the form of pleading and procedure to be used subject to the provisions of the Constitution of the United States. —*Ex parte Redgell,* 114 U. S. 642. The affidavit was in proper form and was good.—Sec. 884, Code of Ga. 1895; 91 Ga. 207. There can be no inquiry into the merits of the charge on habeas corpus under extradition proceedings.—*Barrier v. The State, supra; Swearengin's Case,* 13 S. C. 74; *Tullis v. Fleming,* 69 Ind. 15. The burden was on him to disprove the prima facie case thus made.—*Divine's Case, supra; Munsey v. Clough,* 196 U. S. 364; *Roberts v. Riley,* 116 U. S. 8; *Ex parte Moyer,* 85 Pac. 898.

HARALSON, J.—Section 1821 of the Code of 1896 provides that "any public or private statutes, or the proceedings of any legislative body, purporting on the face of the book to be printed by authority of the government, or state, or territory, are evidence without further proof."

The state introduced certain sections of the Code of the state of Georgia, as contained in a book, on the first page of which appeared the words: "The Code of the State of Georgia, adopted December 15th, 1895. Prepared by John L. Hopkins, Clifford Anderson, and Joseph R. Lamar. Vol. III. Atlanta, Georgia: The Foot & Davies Company, Printers & Binders, 1896." On the opposite page were the words: "Entered according to the Act of Congress, in 1896, by the State of Georgia, in the office of the Librarian of Congress at Washington."

In *Clanton v. Barnes,* 50 Ala. 261, it was held that: "The Revised Code of Mississippi, purporting on its face

to have been published by the authority of the Legislature, is competent evidence to prove the statutes therein contained."

In *Bradley v. Bank*, 60 Ala. 253, the same principle is announced; and in *Bush v. Garner*, 73 Ala. 163, it was held, again, that the statutes of another state may be proved "by a printed volume purporting on its face to have been printed by authority of such state."—*Falls v. U. S. S. L. & B. Co.*, 97 Ala. 417, 13 South. 25, 24 L. R. A. 174, 38 Am. St. Rep. 194; *Hawes v. State*, 88 Ala. 71, 7 South. 302. The same is true of the act establishing the criminal court of Atlanta.

The Code of Georgia of 1895 was sufficiently proved to authorize the introduction of its sections offered in evidence. Moreover, the defendant virtually admitted the authenticity of the volume, by introducing, himself, a portion of it (section 832).

Section 11 of the act establishing the criminal court of Atlanta introduced in evidence, provides that criminal proceedings in said court may be instituted by written information or accusation, setting forth the offense charged, containing the name of the prosecutor, and signed by the Solicitor General, and founded on affidavit, and the judge of said court, upon affidavit being made that a crime has been committed, issue his warrant for the arrest of said party.—Laws Ga. 1890-91, p. 937.

Section 658 of the Criminal Code of 1895, introduced by the state, defines the crime of "fraudulently obtaining credit," and provides, among other things, that if any one by falsely representing his pecuniary responsibility, "shall obtain credit and thereby fraudulently get into possession of goods or other valuable thing, [he] shall be deemed a cheat and swindler, and shall be punished as for a misdemeanor, and shall be compelled by

the sentence of the court to restore to the party injured, the property so fraudulently obtained, if it can be done."

Section 884 of the Code prescribes the form of affidavit to be made (a substantial compliance with which, it is stated, will be sufficient), as follows: "Georgia, ———— County. Personally came A. B., who on oath saith that, to the best of his knowledge and belief, C. B. did, on the————day of————, in the year————, in the county aforesaid, commit the offense of————, and this deponent makes this affidavit that a warrant may issue for his arrest. A. B. Sworn to and subscribed before me this the————day of————. —————J. P."

On the 28th of January, 1907, J. W. Patterson made an affidavit before W. W. Troy, a notary public of Fulton county, Ga., which was headed, "State of Georgia, Fulton County," reciting: "Came in person before me, [the notary public], J. W. Patterson, who being duly sworn on oath says that, from the best of his knowledge and belief, J. D. Compton is guilty of the offense of misdemeanor in this: [Here follows a detailed statement of the facts, not stated on information and belief, but as facts which constituted the offense of falsely and fraudulently obtaining the possession of the property, of the value of $3,750, contrary to law, and the same is sworn to, not on information and belief, but as being true.]" This affidavit was filed with the clerk of the criminal court, and so certified by him.

It will be seen that the affiant swore, "from the best of his knowledge and belief, [that] said J. D. Compton is guilty of the offense of a misdemeanor in this," and that the facts constituting the misdemeanor are not stated on information and belief, but as being true. To make the affidavit good, he was not required to swear that the accused was guilty of crime, but to state that he was guilty according to his knowledge and belief,

stating the facts on which such knowledge and belief were founded. These were entirely sufficient on which to base the issuance of a warrant of arrest.

Armed with this accusation, the solicitor of the criminal court, on the 28th of January, 1907, addressed a communication to the Governor of the state of Georgia, signed by him in his official capacity, reciting that: "At the January term, 1907, J. W. Patterson swore out an accusation against J. D. Compton for the offense of being a common cheat and swindler. The said J. D. Compton has fled to the state of Alabama, where he is now a fugitive from justice. In therefore respectfully ask that your excellency will grant a requisition on the Governor of Alabama for the extradition of the said J. D. Compton, in order that he may be brought back to the state of Georgia, to stand his trial according to law, for which purpose alone he is wanted," etc.

On the same day the said J. W. Patterson made an affidavit to the application of the solicitor to the Governor for a requisition, that he was "the prosecutor in the case of the State v. J. D. Compton, charged with being a common cheat and swindler, and that the requisition was wanted for the sole purpose of punishing the accused, and not in any way to collect a debt or money, or to force the payment thereof."

On the case as thus made and presented to the Governor of Georgia, he made a requisition, in due form, on the 28th of January, 1907, on the Governor of Alabama, for the delivery of the accused as a fugitive from justice, to Joshua Tye, appointed by him as the agent of the state of Georgia for bringing the accused to that state, having jurisdiction of his crime.

On the 29th of January, 1907, the Governor of Alabama, in response to said requisition, issued his order that the accused be apprehended and delivered to said

[Compton v. The State.]

Joshua Tye, who was authorized to receive and convey him to the state of eGorgia, there to be dealt with according to law.

Whereupon, before said Tyre could start with the accused to the state of Georgia, he sued out a writ of habeas corpus before the judge of the criminal division of the city court of Montgomery, seeking his discharge from arrest. The judge of that court issued the preliminary writ, and on return thereto, and trial of the case, denied said writ, and remitted and remanded the accused to the agent of the state of Georgia, for extradition pursuant to law, etc.

The Constitution of the United States provides, that "a person charged in any state with treason, felony or other crime, who shall flee from justice and be found in another state, shall, on demand of the executive authority of the state from which he fled be delivered up, to be removed to the state having jurisdiction of the crime." —Article 4, § 2.

Section 5278 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 3597], provides that "whenever the executive authority of any state or territory demands any person as a fugitive from justice, of the executive authority of any state or territory to which said person has fled, and produces a copy of the indictment found, or *an affidavit made before a magistrate* [italics ours] of any state or territory, charging the person demanded with having committed treason, felony or other crime, certified as authentic by the Governor or chief magistrate of the state or territory from whence the person so charged has fled, it shall be the duty of the executive authority of the state or territory to which such person has fled to cause him to be arrested and secured," and to be delivered up to the agent of the demanding state or territory.

Construing this provision of the Constitution and this statute, in *Ex parte State in re Mohr*, 73 Ala. 503, 511, 49 Am. Rep. 63, the court said:

"The act of 1793 makes conclusive the production of a copy of the indictment found, or *an affidavit* [emphasis ours] made before a magistrate of the demanding state, 'charging the person demanded with having committed treason, felony or other crime.'

"These papers, if in due form, are made conclusive evidence of the guilt of the accused, when assailed on habeas corpus. It may be conceded, therefore, as the settled doctrine of the courts, that a prima facie case is made, when the return to the writ of habeas corpus shows: (1) A demand or requisition for the prisoner made by the executive of another state, from which he is alleged to have fled; (2) a copy of the indictment found, or affidavit made before a magistrate, charging the alleged fugitive with the commission of the crime certified as authentic by the executive of the state making the demand; (3) the warrant of the governor authorizing the arrest. When these facts are made to appear by papers regular on their face, there is a weight of authority holding that the prisoner is prima facie under legal restraint."—*Barriers v. State*, 142 Ala. 72, 39 South. 57; *Farrell v. Hawley*, 78 Conn. 150, 61 Atl. 502, 112 Am. St. Rep. 98. It was not competent for the prisoner to require the court in the state where he was arrested to inquire into the merits of the crime charged, but it was open to him to show that he was not a fugitive, and that the process under which he is sought to be held is void. The burden was on him to disprove the prima facie case presented against him.—*Mohr's* and *Barriere's Cases, supra; Divine's Case*, 74 Miss. 715, 22 South. 3.

In *Munsey v. Clough*, 196 U. S. 364, 25 Sup. Ct. 282, 49 L. Ed. 515, it was held that technical sufficiency of

the charge, and the question of procedure under it, are not open to inquiry on habeas corpus, to review the issuance of the warrant of arrest in inter-state extradition proceedings.

Our conclusion is, so far as anything appears to the contrary, that the requisition for the prisoner by the Governor of Georgia, on the Governor of Alabama, and the extradition process by the latter, were proper and that the denial of the writ of habeas corpus, by the judge of the city court of Montgomery was free from error.

Affirmed.

TYSON, C. J., and DOWDELL and DENSON, JJ., concur.