# CASES

IN THE

# SUPREME COURT OF ALABAMA

NOVEMBER TERM 1911-1912

## State *v.* Currie.

*Habeas Corpus.*

(Decided May 31, 1911. 56 South. 735.)

1. *Extradition; Requisition.*—The requisition in extradition proceedings need not set out an authenticated copy of the law of the state which the alleged fugitive is charged with having violated.

2. *Habeas Corpus; Detention Under Requisition; Return.*—Where a petitioner is held under requisition papers and brings habeas corpus for his discharge, a return showing a warrant from the governor of this state as well as the requisition papers from the governor of another state, each reciting the jurisdictional facts, and that petitioner is charged with crime, makes out a prima facie case of lawful detention which can only be overcome by proof that the petitioner is not a fugitive from justice, or that the process was void. The sheriff is not required to prove a law of the other state covering the crime charged.

On certificate from the Appellate Court.

Habeas corpus by W. M. Curries. From an order discharging petitioner, the State appealed to the Court of Appeals, which certifies questions to the Supreme Court. Questions answered.

See, also, 2 Ala. App. 351, 56 South. 736.

In the above-entitled case, the judges of the Court of Appeals being unable to reach a unanimous conclusion or decision, the judges of said court, pursuant to the provision of the statute in such case made and provided, hereby certify to the Supreme Court of Alabama the following questions of law as to which the said judges differ::

1—172

[State v. Currie.]

"On a hearing of the matter presented by a petition for the writ of habeas corpus, the sheriff, to whom the writ was addressed, offered in evidence, in support of his return: (1) A demand or requisition for the petitioner, made by the Governor of the State of Oklahoma upon the Governor of the State of Alabama, which recited that petitioner stands charged with the crime of embezzlement, committed in the county of Muskogee, in said State of Oklahoma, and that he had fled from the justice of said State and taken refuge in the State of Alabama; (2) a copy of an affidavit, made before a justice of the peace in and for said county of Muskogee, State of Oklahoma, charging that petitioner had unlawfully, intentionally, wrongfully, and feloniously embezzled a stated amount of money which had come into his possession while acting as manager and agent of the Leeds Woolen Mills, in said Muskogee county, which affidavit was certified as authentic by the Governor of the State of Oklahoma; and (3) the warrant of the Governor of the State of Alabama, authorizing the arrest of the petitioner. Petitioner objected to the evidence offered in support of the sheriff's return upon the grounds in substance, that, for aught that is shown thereby, petitioner has not been guilty of any violation of any law of the State of Oklahoma, and that the evidence did not show that petitioner had violated any criminal law of the State of Oklahoma.

"Question 1. On the facts disclosed by the evidence, is it shown that the sheriff is entitled to hold the petitioner, in the absence of proof of the law of the State of Oklahoma which petitioner was charged with having violated?

"Question 2. Is the proof offered sufficient to show that petitioner was legally held by the sheriff, in the

[State v. Currie.]

absence of proof showing that embezzlement constitutes a crime under the law of the State of Oklahoma?

"The above questions are submitted as abstract propositions, as directed by the statute; reference being made to the case and manner in which the questions arise for the convenience of the Supreme Court."

ROBERT C. BRICKELL, Attorney General, PERCY, BANNERS & BURR, and A. F. FITE, for the State. For briefs in this case see *State v. Currie*, 2 Ala. App. 251.

F. E. BLACKBURN, and THOMPSON & THOMPSON, for petitioner. For briefs in this case see *State v. Currie*, 2 Ala. App. 251.

ANDERSON, J.—This court has heretofore held that upon habeas corpus, where the petitioner is detained under extradition proceedings, the warrant of the Governor of this State, reciting all the jurisdictional facts, makes a prima facie case of a legal detention.— *Singleton v. State*, 144 Ala. 104, 42 South. 23; *State v. Mohr*, 73 Ala. 503. This is not conclusive, however, and the defendant should be permitted to show that the process is void, or that he is not a fugitive; and if he does this he would be entitled to his discharge.—*Barriere v. State*, 142 Ala. 72, 39 South. 55. Nor is it necessary for the demanding Governor to set out in the requisition an authentic copy of the law which the petitioner is charged with having violated, as the law does not require this, and the Governor of this State may waive the authentic copy.—*Roberts v. Reiley*, 116 U. S. 80, 6 Sup. Ct. 291, 29 L. Ed. 544.

The sheriff having shown a warrant from the Governor of Alabama, as well as the requisition papers from the Governor of Oklahoma, each reciting the jurisdictional facts, and that the petitioner was charged with

[Odom v. The State.]

a crime, he made out a prima facie case of lawful deten-
tion, and which could only be overcome by some proof
on the part of the petitioner that he was not a fugitive,
or that the process was void.—*Barriere and Singleton
Cases, supra; Compton v. State,* 152 Ala. 68, 44 South.
685. We do not think that the sheriff had to prove a
law of Oklahoma covering embezzlement; he made out
a case of lawful detention upon the proof offered by
him.

SIMPSON, MCCLELLAN, and MAYFIELD, JJ., concur.