# The State *v.* Curry.

## *Habeas Corpus.*

(Decided June 30, 1911.  Rehearing denied No. 23, 1911.
56 South. 736.)

1. *Extradition; Requisition; Exemplification of Papers.*—The Federal Statutes as to authentication of public acts and judicial proceedings in the several states are not applicable to requisition papers, and hence, papers accompanying a requisition for extradition need not be exemplified or authenticated as required by such statute.

2. *Habeas Corpus; Discharge; Conflicting Evidence.*—Where the application is for habeas corpus by one detained under extradition proceedings, and there being no conflict in the evidence except on the question of whether or not petitioner is a fugitive from justice, his discharge is not warranted, as habeas corpus is not the proper proceeding in which to try the guilt or innocence of the defendant.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Application by W. M. Curry for his discharge from a warrant issued by the governor on extradiction application. From an order granting the prayer of the petitioner the state appeals. Reversed and remanded.

See also report of this case in 173 Ala. ___; 56 So. 735, on the questions propounded by the Court of Appeals to the Supreme Court.

ROBERT C. BRICKELL, Attorney General, PERCY, BENNERS & BURR, and A. F. FITE, for petitioner. The warrant of the governor of the state of Alabama, which was introduced in evidence by the state, made a prima facie case showing that petitioner was properly in custody, and should be held.—*Singleton v. State,* 42 So. 23; *Robinson v. Flanders,* 29 Ind. 10; *Nichols v. Cornelius,* 7 Ind. 611; *Davis' Case,* 122 Mass. 328; *Ex parte De-Vine,* 74 Miss. 715; *Ex parte Muscato,* 44 S. C. 335; *Ex*

*parte Stanley,* 25 Texas App. 372. It was not necessary that any proof should be furnished the governor of the state of Alabama that petitioner was a fugitive from justice, other than the requisition papers which were submitted to him.—*Pettibone v. Nichols,* 203 U. S. 192, 51 L. Ed. 148; *Ex parte Sheldon,* 34 Ohio St. 319; *In re Keller,* 33 Fed. 686; *In re Cook,* 49 Fed. 833; *Eaton v. West Virginia,* 91 Fed. 760; *State v. Justice,* 84 Minn. 237; *Katyuga v. Costrove,* 66 N. J. Law, 213; *Farrell v. Hawley,* 112 Am. St. Rep. 101, 70 L. R. A. 688; *Roberts v. Reilly,* 116 U. S. 81; *Ex parte Swearengin,* 13 S. C. 74; *Ex parte Reggel,* 114 U. S. 642; *In re Crennough,* 31 Ver. 279; *In re Van Seiver,* 42 Neb. 772; *In re Hooper,* 52 Wis. 699; *People v. Byrnes,* 33 Hun. (N. Y.) 98; *Farrell v. Hawley,* 78 Conn. 150; 19 Cyc. 91. Where the evidence as to whether petitioner was in the state of Oklahoma at the time of the offense is alleged to have been committed was conflicting, he should be held, because habeas corpus is not the proper proceeding in which to try the issue of an alibi.—*Hyatt v. State of New York,* 188 U. S. 710, 47 Law Ed. 661; *Munsey v. Clough,* 196 U. S. 374, 49 Law Ed. 518, 25 Sup. Ct. 282; *Bruce v. Rayner,* 124 Fed. 483; *Farrell v. Hawley, v. Hawley,* 70 L. R. A. 689. It is not essential that the papers accompanying the requisition to the governor of Alabama should be exemplified as required by the Federal statutes, so as to make them admissible in evidence in a court; but only that the papers should be certified as authentic; and this certificate was properly made by the governor of the state of Oklahoma.—Federal Statutes Annotated, Section 5278; 19 Cyc. 91; *Ex parte DeVine,* 74 Miss. 718, 22 So. p. 4; *Ex parte Morgan,* 20 Fed. 307; *Kurtz v. State,* 22 Fla. 36, 1 Am. St. Rep. 173; *Ex parte Dawson,* 28 C. C. A. 354; *In re Manchester,* 5 Cal. 237; *Davis' Case,* 122

[The State v. Curry.]

Mass. 328; *O'Conner's Case,* 38 Minn. 243; *Goss' Case,* 66 Minn. 291.

F. E. BLACKBURN, and THOMPSON & THOMPSON, for appellee. It was admissible for petitioner to show that he was not a fugitive from justice.— *Ex parte State in re Mohr,* 73 Ala. 503; *Barriere v. The State,* 142 Ala. 72. This question was decided by the circuit judge who had the witnesses before him and is final.—*Jones v. Leonard,* 32 Am. Rep. 116. The papers were not verified as required by the Federal statute. The offense with which the petitioner was charged (embezzlement) is not a common law offense but one purely of statutory origin, and in order to hold the petitioner it must be shown that such an offense existed under the laws of the requesting state. This must be done by the introduction of the statutes of such state as our courts do not take judicial knowledge of the statute of other states.—*Compton v. The State,* 152 Ala. 68; *Barriere's Case, supra.*

WALKER, P. J.—On a hearing of the matter presented by the appellee's petition for the writ of habeas corpus, the sheriff, to whom the writ was addressed, offered in evidence, in support of his return: (1) A demand or requisition for the petitioner made by the governor of Oklahoma upon the governor of Alabama, which recited that the petitioner stands charged with the crime of embezzlement, committed in the county of Muskogee, in the state of Oklahoma, and that he had fled from the justice of the state of Oklahoma and taken refuge in the state of Alabama.; (2) a copy of an affidavit, made before a justice of the peace in and for said county of Muskogee, charging that petitioner had unlawfully, intentionally, etc., embezzled a stated amount

of money which had come into his possession while act-
ing as manager and agent of the Leeds Woolen Mills,
in said Muskogee county, which affidavit was certified
as authentic by the governor of Oklahoma; and (3) the
warrant of the governor of Alabama for the arrest of
the petitioner, reciting that petitioner had been charg-
ed with crime, and had been demanded as a fugitive
from justice.  The petitioner objected, on several
grounds, to the sufficiency of the sheriff's return and
of the evidence offered in support of it.  On behalf of
the petitioner, evidence was introduced, tending to
prove that he was not in the state of Oklahoma at the
time of the commission of the offense charged against
him.  Other proof was offered, tending to rebut or con-
tradict the evidence in behalf of the petitioner to this
effect.  At the conclusion of the evidence, the circuit
judge made an order  discharging the petitioner.  It is
to be inferred that this action was the result of a con-
clusion that in some respect there was a deficiency in
the evidence offered to support the claim that the peti-
tioner was legaly detained.  Mention will be made of
the objections which the record indicates were princi-
pally relied on by the petitioner.

It was suggested that the papers accompanying the
requisition upon the governor of Alabama should have
been exemplified in the mode prescribed by the federal
statute for the authentication of public acts and judi-
cial proceedings in the several states.  The statute on
that subject was not applicable.  It was not suggested
that there was a failure to comply with the requirement
of the federal extradition statute  as to the certificate
by the demanding governor of the authenticity of the
papers accompanying his requisition which evidenced
the charge of crime.—U. S. Rev. Stat. §5278 (U. S.
Comp. St. 1901, p. 3597) ; 19 Cyc. 91.

[The State v. Curry.]

The most that can be said in behalf of the petitioner as to the evidence on the issue raised as to the fact of his being a fugitive from justice is that the evidence on that subject is in conflict. "The court will not discharge a defendant where there is merely contradictory evidence on the subject of presence in or absence from the (demanding) state, as habeas corpus is not the proper proceeding to try the question of alibi, or any question as to the guilt or innocence of the accused." —*Munsey v. Clough,* 196 U. S. 364, 375, 25 Sup. Ct. 282, 285 (49 L. Ed. 515; *Bruce v. Rayner,* 124 Fed. 481, 62 C. C. A. 501; *McNichols v. Pease,* 207 U. S. 100, 28 Sup. Ct. 58, 32 L. Ed. 121.

The petitioner objected to the evidence offered, as above stated, in support of the sheriff's return, upon the grounds, in substance, that, for aught that was shown thereby, petitioner has not been guilty of any violation of any law of the state of Oklahoma; and that the evidence did not show that petitioner had violated any criminal law of the state of Oklahoma. The judges of this court being unable to reach a unanimous conclusion or decision on the questions raised by these objections the following questions of law were certified to the Supreme Court for its opinion thereon:

"Question 1. On the facts disclosed by the evidence, is it shown that the sheriff is entitled to hold the petitioner, in the absence of proof of the law of the state of Oklahoma which petitioner was charged with having violated?

"Question 2. Is the proof offered sufficient to show that petitioner was legally held by the sheriff, in the absence of proof showing that embezzlement constitutes a crime under the law of the state of Oklahoma?"

The following is the concluding paragraph of the opinion of the Supreme Court (56 South. 735), which

constituted its answer to these questions: "The sheriff having shown a warrant from the governor of Alabama, as well as the requisition papers from the governor of Oklahoma, each reciting the jurisdictional facts, and that the petitioner was charged with a crime, he made out a prima facie case of lawful detention, and which could only be overcome by some proof on the part of the petitioner that he was not a fugitive, or that the process was void.—*Barriere Case* (142 Ala. 72, 39 South. 55) and *Singleton Case* (144 Ala. 104, 42 South. 23) *supra; Compton v. State,* 152 Ala. 68 (44 South. 685). We do not think that the sheriff had to prove a law of Oklahoma covering embezzlement; he made out a case of lawful detention upon the proof offered by him." It follows from this conclusion that the petitioner's objections above mentioned to the sufficiency of the proof offered by the sheriff to show that a criminal law of the state of Oklahoma had been violated could not properly be sustained.

It does not appear to the court that in any other respect was there any deficiency in the proof required to make out a case of lawful detention under requisition proceedings. The conclusion is that the circuit judge erred in discharging the petitioner.

Reversed and remanded.