JOHN HIGH, *Plaintiff in Error,* v. STATE BOARD OF EDUCATION, A CORPORATION, *Defendant in Error.*

Opinion Filed November 18, 1913.

Rehearing Denied December 23, 1913.

Under a declaration alleging that the defendant wilfully entered upon plaintiff's lands, cut down and removed timber therefrom, and made lumber thereof which he converted to his own use, the plaintiff may recover the value of the timber.

Writ of error to Circuit Court, Hamilton County; Mallory F. Horne, Judge.

Judgment affirmed.

*S. S. Sandford,* and *Davis & Whitnell,* for Plaintiff in error;

*C. A. Stephens* and *A. B. & C. C. Small,* for Defendant in error.

COCKRELL, J.—There was judgment in trover in favor of the State Board of Education against John High for $1,600.00. The declaration alleges that High in 1890 and since "knowingly, wrongfully and wilfully, and without the knowledge or consent of the plaintiff, entered upon said lands and cut down and removed therefrom a por- of the pine and cypress timber standing and growing thereon, and made therefrom a great quantity, to-wit; four million feet of sawed lumber, the property of the plaintiff of great value, to-wit, of the value of twenty-two thousand, five hundred dollars, and plaintiff avers that defendant knowingly, wrongfully and wilfully, and without the consent or knowledge of the plaintiff con- verted the same to his own use," &c. To this declara- tion the defendant pleaded not guilty.

The defendant below as plaintiff in error here, raises an interesting question of pleading, but one having no substantial merit upon the record as a whole.

He requested the affirmative charge upon the theory, that the conversion was complete, when the logs were removed from the school lands, and for that reason there could be no recovery in trover for the value of the logs when subsequently converted by the wrong-doer into lum- ber. In other words, if the State had sued for logs, it could have recovered, if the trespass was wilful, for the value of the lumber, but that as it names the property, wrongfully and wilfully converted, lumber, the wrong- doer may defeat recovery by showing that he had there- tofore committed a complete coversion. In the criminal law such refinements still obtain, but they have little place these days in the administration, by the appellate courts, of the civil law.

The declaration plainly apprised the defendant of the

exact nature of the claim against him, and he made no effort to test its legal sufficiency in whole or in part.

The court instructed the jury as to the measure of damages, should they find the trespass to have been unintentional, confining the recovery, in effect, to the value of the timber when cut on the land and before it went through the mill, and the jury by their very modest verdict evidently took that view. The declaration charges a trespass in the cutting and removing of trees from the school lands, and the verdict and judgment are confined to that charge.

We find no reversible error, and the judgment is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER AND WHITFIELD, J. J., concur.