77 So.2d 384

George Thomas **HARRISON**

v.

**STATE.**

**7 Div. 308.**

Court of Appeals of Alabama.

Oct. 1, 1954.

Rehearing Denied Nov. 16, 1954.

Max J. Howard and Leonard Crawford, Fort Payne, for appellant.

Si Garrett, Atty. Gen., and Arthur Joe Grant, Asst. Atty. Gen., for the State.

PRICE, Judge.

Appellant petitioned the Judge of the Circuit Court of DeKalb County for a writ of habeas corpus, alleging that he was restrained of his liberty under an extradition warrant issued by the Governor of Alabama, upon requisition of the Governor of Tennessee, under an indictment returned in Marshall County, Tennessee, charging the defendant with failure to provide for his minor child under the age of sixteen years.

The return of the sheriff to the preliminary writ justified the arrest of petitioner under an extradition warrant, and recited that petitioner was then at liberty under bond.

Petitioner filed answer to the sheriff's return denying generally the allegations thereof.

He set up in ground 4 of said answer that he is now and has been since October 1, 1952, a resident of DeKalb County, Alabama, and was not a resident of Tennessee in 1953.

Petitioner denied, in ground 5 of his answer to the sheriff's return and to the charge against him, that he had failed or refused to provide for his minor child, and alleged that he had during the year 1953, supported said child.

In ground 6 he asserts that he has not fled from the State of Tennessee and is not a fugitive from justice in said State.

In ground 7 it is alleged that the extradition warrant is void for non-compliance with Section 54, Title 15, Code of 1940, in that it does not substantially recite the facts necessary to the validity of its issue.

The court granted the motion of the State to strike paragraph 5 of the petitioner's traverse, and petitioner duly excepted.

On the trial, the State introduced, over objection and exception of appellant, a certified copy of an indictment from the Circuit Court of Marshall County, Tennessee, charging that "George Thomas Harrison did unlawfully, wilfully and without cause neglect and fail to provide for his minor child, Thomas Michael Harrison, who was under the age of sixteen years, according to his means, he being legally chargeable with the care of said child and did leave it destitute and in danger of becoming a public charge;" the warrant of the Governor of Alabama, which recites in pertinent part: "Whereas, His Excellency, Frank G. Clement, Governor of the State of Tennessee, by requisition dated the 14th day of December 1953 has demanded of me, as Governor of the State of Alabama, the surrender of George Thomas Harrison who, it appears, is charged by indictment, in the county of Marshall in said State, with the crime of failure to provide for his minor child under the age of sixteen years (a duly certified copy of which indictment accompanies said requisition) and it appearing that said George Thomas Harrison has fled from justice in said State and taken refuge in the State of Alabama," together with the sheriff's return to the preliminary writ and the appointment of Sheriff J. H. Cromer as the agent authorized to return petitioner to the State of Tennessee. Petitioner's grounds of objection to the rendition warrant, the sheriff's return and the designation of agent were that it was not shown

there was in fact a requisition made by the Governor of Tennessee upon the Governor of Alabama. Thereupon the State rested.

The petitioner testified in his own behalf that his name is George Thomas Harrison; he is 23 years old, and is the party who filed answer to the sheriff's return. Since October 1951, he has worked for the Pre-Fab Transit Company, whose principal office and place of business is at Fort Payne, and petitioner has resided in Fort Payne continuously since October of 1952.

Petitioner was permitted to testify, over objection, that on March 19, 1953, he went to the State of Tennessee and married Evelyn Louise Jones and remained in Tennessee 2 weeks. The child involved here was born in May, 1953, and he has not been in the State of Tennessee since the child's birth.

The court sustained the State's objections to questions propounded to petitioner seeking to show he had paid the hospital expenses and medical services incurred at the birth of the child, and had made payments to his wife for its support and maintenance since it was born. The petitioner excepted to the court's ruling and offered to prove he had paid hospital expense in the amount of $91.20; doctor's bills amounting to $69.00 and had made regular monthly payments to his wife for the child's support.

The court denied the writ of habeas corpus and remanded petitioner to the custody of the sheriff and petitioner prosecutes this appeal.

In general, the jurisdictional facts which the Governor is required to find before issuing his rendition warrant are: (1) That the person charged has been demanded as a fugitive from justice by the executive of the demanding State; (2) that the requisition was accompanied by a copy of an indictment found, or affidavit made before a magistrate; (3) that the copy of the indictment or the affidavit was duly certified as authentic by the executive of the State making the demand. Title 18 U.S. C.A. § 3182; Title 15, §§ 50–52, Code 1940;

Compton v. State, 152 Ala. 68, 44 So. 685; Thacker v. State, 20 Ala.App. 302, 101 So. 636.

In the absence of proof to the contrary, the presumption is indulged that the Governor has performed his duty in this respect, and when the rendition warrant recites that these jurisdictional facts have been ascertained a prima facie case is established for the legal detention of the prisoner. Singleton v. State, 144 Ala. 104, 42 So. 23; Denson v. State, 36 Ala.App. 216, 57 So.2d 830, certiorari denied 257 Ala. 184, 57 So.2d 832.

The rendition warrant recites, together with the other jurisdictional facts, that demand was made by the Governor of Tennessee, and the State was not required to introduce, in addition to the extradition warrant, the requisition. Singleton v. State, 144 Ala. 104, 42 So. 23; State v. Rogers, 30 Ala.App. 515, 9 So.2d 758; Morrison v. State, 258 Ala. 410, 63 So.2d 346.

The Uniform Reciprocal Enforcement of Support Act, Sec. 109, Tit. 34, Code 1940, adds the crime of nonsupport to the list of crimes in the field of extradition for which the Governor may demand or surrender a suspected criminal, and provides: "The provisions for extradition of criminals not inconsistent herewith shall apply to any such demand although the person whose surrender is demanded was not in the demanding state at the time of the commission of the crime and although he had not fled therefrom. Neither the demand, the oath nor any proceedings for extradition pursuant to this section need state or show that the person whose surrender is demanded has fled from justice, or at the time of the commission of the crime was in the demanding or the other state."

The certified copy of the indictment and the rendition warrant show that the crime for which appellant was sought to be extradited was the failure to support his child, and therefore comes within the provisions of the Support Act authorizing extradition without reference to the presence of petitioner in the demanding State.

Therefore, the recitals in the printed portion of the rendition warrant that, "it appearing that said George Thomas Harrison has fled from justice in said State and taken refuge in the State of Alabama," were unnecessary but their inclusion was not harmful to appellant.

The guilt or innocence of a person of the crime of which he stands charged is not a matter of proper inquiry in a habeas corpus proceeding for release from custody under an extradition warrant, Adams v. State, 253 Ala. 387, 45 So.2d 43; Singleton v. State, supra; State v. Parrish, 242 Ala. 7, 5 So.2d 828, and the court's rulings in this respect were proper.

Petitioner contends the Support Act is repugnant to the provisions of the federal constitution insofar as it authorizes the extradition of a person who was not in the demanding State at the time of the commission of the crime and has not fled from justice, and since the proof shows he was not a fugitive, he was entitled to be discharged.

" 'A state may also, in the exercise of its reserved sovereign powers and as an act of comity to a sister state, provide by statute for the surrender, on requisition, of persons who are indictable for a crime committed through their constructive presence in such sister state, even though they have never been corporally within such state and have never fled therefrom to escape arrest and punishment.' " Ex parte Coleman, 1951, 157 Tex.Cr.R. 37, 245 S.W.2d 712, 715. See also 35 C.J.S., Extradition, § 3, p. 320; Cassis v. Fair, 126 W.Va. 557, 29 S.E.2d 245, 151 A.L.R. 233.

In Ex parte Tenner, 20 Cal.2d 670, 128 P.2d 338, 342, the court said: "The right created by article IV * * * is a guarantee of which a state may avail itself to secure the return of an offender against its law." Citing State v. Parrish, 242 Ala. 7, 5 So.2d 828. "And since the extradition provision is not for the benefit of the fugitive, an asylum state may require the governor to surrender a fugitive on terms less exacting than those imposed by the act of Congress."

We are of the opinion the provisions of the Support Act, authorizing the extradition of a person for the crime of non-support, although he was not present in the demanding State at the time of the commission of the crime charged and he not having fled therefrom, is valid and enforceable.

In order to make out a prima facie case for the detention of the petitioner, it was not necessary that the proof show that the State of Tennessee has enacted the Uniform Reciprocal Enforcement of Support Act, or that it has a similar statute. If petitioner was not properly charged under the laws of Tennessee the burden was upon him to establish such fact. Tingley v. State, 36 Ala.App. 665, 63 So. 712; State v. Curry, 2 Ala.App. 251, 56 So. 736; State v. Currie, 174 Ala. 1, 56 So. 735.

There was no error in the denial of the writ of habeas corpus by the Circuit Judge.

Affirmed.