184 So.2d 845

Darold F. DINKELMAN

v.

STATE.

I Div. 109.

Court of Appeals of Alabama.

March 29, 1966.

Wm. L. Green, Mobile, for appellant.

Richmond M. Flowers, Atty. Gen., and W. Mark Anderson, III, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

This is an extradition case. Appellant, in custody pursuant to an extradition warrant issued by the Governor of this State ordering his return to the State of Nebraska, sought his release by habeas corpus. After a hearing he was remanded to custody for extradition.

The rendition warrant recites:

"WHEREAS, His Excellency, Frank B. Morrison Governor of the State of Nebraska, by requisition dated the 7th day of June, 1965 has demanded of me, as Governor of the State of Alabama, the surrender of Darold Dinkelman who, it appears, is charged by Complaint and Warrant, in the county of Buffalo in said State, with the crime of Removal of Mortgaged Property, as shown by certified copy of Complaint and Warrant (a duly certified copy of which Complaint and Warrant accompanies said requisition) and it appearing that said Darold Dinkelman has fled from justice in said State and taken refuge in the State of Alabama."

The requisition, the rendition warrant and the supporting papers were introduced in evidence by the state.

. Title 15, Section 50, Code 1940, requires that the requisition be accompanied by a copy of an indictment found or by an information supported by affidavit in the state having jurisdiction of the crime, *or by a copy of an affidavit made before a magistrate there,* together with a copy of any warrant which was issued thereon.

 The "complaint" is in the form of an affidavit properly sworn to by Duane Hubbard, Deputy County Attorney of Buffalo County, Nebraska, before Harvey M. Wilson, County Judge, who issued a warrant thereon on the same day. This is a sufficient compliance with the statute. Harris v. State, 257 Ala. 3, 60 So.2d 266; Lacondra v. Hermann, 343 Ill. 608, 175 N.E. 820, 823.

It is appellant's contention that the affidavit purporting to support the complaint and verify the facts was made before a notary public, not shown to be a magistrate. This affidavit, among the papers introduced, reads:

"Duane Hubbard, being first duly sworn, says that he is complainant in the above entitled case; that the facts set forth in the complaint are true; that he believes there is sufficient evidence to secure the conviction of said fugitive of the crime charged; that this complaint is not made for the purpose of collecting a debt, for the enforcement of any civil process, or to answer any private purpose or end whatever, and if the requisition herewith applied for be granted, the criminal proceedings shall not be used for any of said object.

/S/ Duane Hubbard

Duane Hubbard, Deputy County Attorney

Subscribed and sworn to before me this 3rd day of June, 1965.

/S/ Sam Spahr "

Notary Public

The truth of the matters set forth in the "complaint" are duly sworn to before the magistrate.

Section 58 of Title 15, Code, supra, prohibits the extradition of any person in this state to another state where the extradition proceedings, directly or indirectly, seek to aid in the collection of a debt. See Scott v. State, 33 Ala.App. 328, 33 So.2d 390; Russell v. State, 251 Ala. 268, 37 So.2d 233.

 Section 71 of Title 15, Code, supra, provides that in requesting of the Governor the return to this state of a person charged with crime, the application of the prosecuting attorney shall certify that "the ends of justice require the arrest and return of the accused to this state for trial, and that the proceeding is not instituted to enforce a private claim." The statute does not require that the affidavit be made before a magistrate. Moreover, the affidavit of Andrew J. McMullen, County Attorney, recites the self-same facts and is duly sworn to before the county judge.

The Judgment is Affirmed.

Affirmed.