PEOPLE *v.* LUSTER

1. CRIMINAL LAW—COMPLAINT AND WARRANT—POLICE OFFICER'S IN-
FORMATION AND BELIEF.

A complaint and warrant may be issued based on the informa-
tion and belief of the police officer having responsibility for
a particular case.

2. CRIMINAL LAW—ONE-MAN LINEUP—IN-COURT IDENTIFICATION—
INDEPENDENT BASIS.

Placing the defendant in a one-man showup, of which defendant
was neither told nor aware, and failing to advise him of his
right to have an attorney present at the showup did not taint
the witness's in-court identification of the defendant where the
witness observed the defendant during the commission of the
crime charged, the witness identified the defendant by means
of his movement, size, and large hands, and the witness was
positive of his identification of the defendant both at the time
of the crime and at trial.

3. CRIMINAL LAW—CONFRONTATION RIGHTS—IN-COURT IDENTIFICA-
TION—INDEPENDENT SOURCE.

Once a claim of illegal confrontation is raised, a hearing, out-
side the presence of the jury, must be held and the court
must determine if the confrontation was improper; even if the
confrontation was illegal, if the prosecution can establish by
clear and convincing evidence that there were sources of iden-
tification independent of the illegal confrontation, the in-court
identification may be admissible.

4. CRIMINAL LAW—CONFRONTATION RIGHTS—IN-COURT IDENTIFICA-
TION—INDEPENDENT SOURCE.

Factors to be used by the court in determining the admissibility
of an in-court identification where there is a claim of an im-

REFERENCES FOR POINTS IN HEADNOTES
[1] 41 Am Jur 2d, Indictments and Informations §§ 64, 65.
[2–7] 29 Am Jur 2d, Evidence §§ 371, 372.

proper identification confrontation are: prior opportunity to observe the criminal act, the existence of any discrepancy between any pretrial description and the actual appearance of the defendant, any identification of another person before confrontation, failure to identify defendant on a prior occasion, the lapse of time between the crime and the confrontation for identification purposes, any uncertainty in the witness's response as to whether he could identify defendant at trial had he not seen him at the deficient pretrial confrontation, and all other evidence which supports or undermines the assertion of an in-court identification purged of the primary taint of an illegal identification confrontation.

5. CRIMINAL LAW—CONFRONTATION RIGHTS—IN-COURT IDENTIFICATION—APPEAL AND ERROR.

An appellate court must affirm the admission of identification evidence, challenged because of an illegal confrontation, where the record shows by clear and convincing evidence that the in-court identification was not tainted by the illegal confrontation or that its admission was harmless beyond a reasonable doubt.

6. CRIMINAL LAW—CONFRONTATION RIGHTS—IN-COURT IDENTIFICATION—APPEAL AND ERROR.

An appellate court must reverse the trial court's admission of identification testimony, challenged because of an illegal confrontation, where the record shows that the in-court identification of the defendant was tainted by an improper confrontation and the error was not harmless beyond a reasonable doubt.

7. CRIMINAL LAW—CONFRONTATION RIGHTS—IN-COURT IDENTIFICATION—APPEAL AND ERROR.

An appellate court must remand for a further evidentiary hearing the trial court's admission of identification testimony, challenged because of an illegal confrontation, where the record does not permit an informed judgment whether the confrontation tainted the in-court testimony or the identification testimony's admission was harmless beyond a reasonable doubt.

Appeal from Macomb, Frank E. Jeannette, J. Submitted Division 2 May 5, 1971, at Lansing. (Docket No. 9842.) Decided June 23, 1971.

Dazell Hayward Luster was convicted of armed robbery and assault with intent to murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Thaddeus F. Hamera,* Chief Appellate Lawyer, and *Stephen F. Osinski,* Assistant Prosecuting Attorney, for the people.

*John S. Lascoe,* for defendant on appeal.

Before: McGregor, P. J., and Bronson and O'Hara,* JJ.

McGregor, J. Defendant was charged with robbery armed[1] and assault with intent to commit murder.[2] Testimony at trial showed that, on December 12, 1968, three men entered a bar at approximately 10:30 p. m.; two of them ordered beer, the third went to the restroom. Upon the return of the man from the restroom, the three men produced pistols and threatened the bartender and one other man who was a customer in the bar. The bartender was beaten and forced to lie on his stomach; his mouth and wrists were bound with tape. Money was taken from the cash registers. While the bartender was lying bound on the floor, he was shot in the side and his personal effects were taken, after which the men fled.

Evidence presented at trial included an identification by the bartender and a fingerprint of the defendant, taken from one of the beer bottles from

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] MCLA § 750.529 (Stat Ann 1971 Cum Supp § 28.797).

[2] MCLA § 750.83 (Stat Ann 1962 Rev § 28.278).

the area of the bar where the three men had been sitting. Defense counsel challenged the in-court identification and a separate evidentiary hearing was held.

The separate hearing revealed that the defendant had been placed in a one-man "show-up" at the police station, but had not been told that a "show-up" was being held, nor was he aware of the same, as the witness was concealed behind a one-way mirror. The defendant was not advised of his right to have an attorney present at the "show-up". At the conclusion of the separate hearing, the trial court ruled that the questioned witness had an independent basis for his in-court identification and denied the defense's motion to quash the identification.

Defendant was convicted by the jury on both counts charged in the information and appeals upon leave granted by this Court.

Defendant first contends that the complaint and warrant issued upon the complaint of a police detective, without examination of the complaining witness, were fatally defective.

The record shows that defense counsel attacked both of the incriminating aspects of the evidence which linked the defendant to the commission of the crime: the identification by the complaining witness, and the fingerprint found on the beer bottle at the scene of the crime. Further, the record indicates that the tactic used by the defendant in his endeavor to exclude the fingerprint evidence was based on an argument which attempted to utilize the cases of *Davies* v. *Mississippi* (1969), 394 US 721 (89 S Ct 1394, 22 L Ed 2d 676), and *Giordenello* v. *United States* (1958), 357 US 480 (78 S Ct 1245, 2 L Ed 2d 1503). In order to bring the rationale of those cases into play, the defendant apparently be-

lieved it was necessary to attack the warrant as being fatally insufficient. The substantive issue raised as to the claimed defectiveness of the warrant and complaint has been clearly settled against the arguments made by the defendant. In *People* v. *Andriacci* (1968), 11 Mich App 482, this Court approved the practice of issuing a warrant based on the information and belief of a police officer having responsibility for a particular case. Standard procedure for obtaining a warrant was followed in the instant case. This Court does not find any prejudice resulted to the defendant.

Finally, the defendant contends that the confrontation was illegal, because conducted without defense counsel present, and that the result was a prejudicial denial of defendant's rights.

The case of *People* v. *Hutton* (1970), 21 Mich App 312, provides a thorough analysis of the applicable Federal law and Michigan cases dealing with the subject of improper identification techniques and an accused's constitutional protection. We restate the propositions set forth in *Hutton, supra,* as follows:

(1) Once a claim of an illegal confrontation is raised, an evidentiary hearing should be held outside the presence of the jury to determine the merits of that claim. Even if the confrontation was improperly held, if the prosecution can establish by clear and convincing evidence that there are sources of identification independent of the illegal confrontation, an in-court identification may still be admissible. Whether there is such an independent basis is a question for the court.

(2) Factors to be used by the court in determining the admissibility of in-court identification are: prior opportunity to observe the criminal act, the existence of any discrepancy between any pre-trial description and the actual appearance of the defendant, any

identification of another person before confrontation, failure to identify defendant on a prior occasion, the lapse of time between the crime and the confrontation for identification purposes, any uncertainty in the witness's response as to whether he could identify defendant at trial had he not seen him at the deficient pre-trial confrontation, and all other evidence which supports or undermines the assertion of an in-court identification purged of the primary taint of an illegal identification confrontation.

(3) Where the admission of identification testimony is challenged on appeal, the appellate court must reach one of three conclusions: affirm if the record shows by clear and convincing evidence that the in-court identification was not tainted by the illegal confrontation or if the record shows beyond a reasonable doubt that the admission of the prior identification was harmless; reverse if the record shows the in-court identification was tainted and that it does not show beyond a reasonable doubt that the error was harmless; and remand for further evidentiary hearing if the record does not permit an informed judgment.

See also *People* v. *Yopp* (1970), 25 Mich App 69.

*Hutton, supra,* also holds that, once a person has been arrested and informed of his rights and taken into custody, he is entitled to counsel during any identification confrontation. The record shows that this defendant was not advised of his right to counsel at the showup, nor was he told that a showup was being conducted. A separate hearing was conducted on the queston of the identification and the showup. The trial court ruled that "identification was not influenced by what happened prior to the show-up". This ruling was based on *People* v. *Floyd* (1968), 15 Mich App 284, which dealt with the use of showups. The rationale of the court's ruling in the instant case was that the identification procedure was not suggestive.

Under *Hutton, supra,* this Court should affirm if the record is complete enough to allow an "informed judgment" on the questioned identification. We find that the identification was not tainted by the illegal confrontation and the record shows by "clear and convincing evidence" that the in-court identification had a basis independent to the illegal confrontation.

A review of the witness's testimony shows that the defendant had attracted his attention in the bar just prior to the commission of the crime. The witness had ample opportunity to observe the defendant singly and identified him by means of his movement, his size, and his "large hands". He was positive of his identification in the bar and at trial. The witness's positive identification, coupled with the fact that the defendant's fingerprint was found on a beer bottle at the scene of the crime, and the fact that the defendant's car was noticed at the scene of the crime, a factor which led to his arrest, all require affirmance of this conviction.

The separate record shows that the in-court identification was free of taint from the illegal confrontation. The finding of the trial court that the challenged witness was possessed of a sufficient independent basis for identification of the defendant is not reversible error.

Affirmed.

All concurred.