This is an appeal from the judgment of the Circuit Court of Jefferson County denying the appellant's petition for writ of habeas corpus. The appellant is in custody pursuant to a rendition warrant issued by the Governor of Alabama ordering his return to the State of Michigan. In arguing for his release the appellant contends (1) that the allied papers accompanying the requisition warrant are insufficient and do not support the issuance of the rendition warrant and (2) that the appellant proved at his hearing that he was not a fugitive from justice.
The rendition warrant issued by the Governor of this State does not establish a prima facie case of legal detention for it states that the appellant "is charged by complaint and warrant" in the State of Michigan with the crimes of murder in the first degree and armed robbery. Hagamaker v. State, 354 So.2d 851
(Ala.Cr.App. 1978); Lofton v. State, 46 Ala. App. 229,239 So.2d 901 (1970).
When the rendition warrant is defective, as here, and there are allied papers in evidence, we look to them to determine their legal sufficiency to justify the issuance of the rendition warrant. Harris v. State, 257 Ala. 3, 60 So.2d 266
(1951); Aldio v. State, 44 Ala. App. 303, 208 So.2d 212 (1965).
There is no indictment or information in the supporting papers. The appellant was charged by a complaint made by Neil Schwartz, a Sergeant attached to the Homicide Division of the Detroit City Police Department. The complaint is made on "information and belief" before a judge of the Recorder's Court. The substance of the complaint states that the appellant and two other named individuals
"COUNT I
 while in the perpetration or attempted perpetration of a robbery did kill and murder one CLIFFORD WILLIAMS, a/k/a `Snowball', contrary to Sec. 750.316, M.C.L.A.
"COUNT II
 did assault CLIFFORD WILLIAMS, aka `Snowball' while armed with a dangerous weapon or an article used or fashioned in a manner to lead the person so assaulted to reasonably believe it to be a dangerous weapon, towit: a baseball bat, knife, pliers and hypodermic needle and did then and there feloniously rob, steal and take from the person of said CLIFFORD WILLIAMS, aka `Snowball' or in his presence, United States Currency, contrary to Sec. 750.529, M.C.L.A."
The warrant of arrest issued upon this complaint recites that
 "AND WHEREAS on examination on oath of said COMPLAINING WITNESS by me, it appears to me that said crime has been committed and there is just cause to suspect that said Defendant(s) are guilty thereof; THEREFORE IN THE NAME OF THE PEOPLE OF THE STATE OF MICHIGAN, you and each of you are hereby commanded forthwith to arrest said Defendant(s) and bring them before this Court, to be dealt with according to law.
 s/ Arthur J. Koscinski
Judge (or Acting Judge) of the Recorder's Court of the City of Detroit"
The supporting papers also contain the statement of Sergeant Schwartz sworn to before the same judge of the Recorder's Court. It recites that Ronald Wade Smith told Sergeant Schwartz, who is in charge of the murder investigation of Clifford Williams, alias Snowball or Junior, that the appellant, Willie B. Washington, and Devery Grubbs robbed and killed Williams and hid his body. The statement recites the facts surrounding the robbery and murder which reveal that the informer, Smith, was present during both the robbery and the actual killing. *Page 123 
 I
The appellant alleges that the complaint is insufficient to support the rendition warrant (1) because it is made by an investigating officer stating information not within his personal knowledge and (2) because there is no affidavit supporting the "information" based on the personal knowledge of the affiant.
A "complaint" in the form of an "affidavit" properly sworn to is sufficient compliance with the Alabama statutes authorizing extradition upon the production of a copy of an affidavit made before a magistrate. Dinkelman v. State, 43 Ala. App. 177,184 So.2d 845 (1966). We have gone to the record in Dinkelman. The complaint in that case is set forth below.
"STATE COMPLAINT )
"THE STATE OF NEBRASKA )
For REMOVAL OF
Plaintiff )
MORTGAGED PROPERTY
vs. )
Sec. 69-110
DAROLD DINKELMAN )
ss.
Defendant )
THE STATE OF NEBRASKA, )
COUNTY OF BUFFALO )
 "Complaint made in the name of the State of Nebraska before Harvey M. Wilson, County Judge in and for said County this 13th day of May A.D., 1965, by the undersigned, Duane Hubbard, Deputy County Attorney, of said County, who being duly sworn on his oath, says that Darold Dinkelman late of said County, did on or about the 30th day of June 1964 in said County of Buffalo then and there being, the said Darold Dinkelman of Buffalo County, Nebraska, on or about the 15th day of June, 1964, in due form of law did mortgage, in writing to Midstate Finance Co. of Kearney, Nebraska, certain personal property, to-wit: household furnishings and 1 1957 Buick automobile; said above described mortgaged personal property being situated and kept in Buffalo County, Nebraska, and on or about the 30th day of June, 1964, during the existence of the lien created by said above described mortgage, then and there being, then and there in said Buffalo County, Nebraska, unlawfully, wrongfully, knowingly, and feloniously did remove and cause to be removed a part of the above described mortgaged personal property, to-wit: household furnishings and 1 1957 Buick automobile, out of and away from the said County of Buffalo, State of Nebraska; that the above described mortgaged personal property was situated and kept in the County of Buffalo, State of Nebraska, at the time said above described mortgage was given, and the said illegal and unlawful removal of a part of the above described mortgaged personal property from Buffalo County, Nebraska, was done by the said Darold Dinkelman with the intent to deprive Midstate Finance Co., owner of said above described mortgage, of their security, and to defraud them thereby, contrary to the form of the Statutes in such case made and provided, and against the peace and dignity of the people of the State of Nebraska.
Duane Hubbard
 "Subscribed in my presence and sworn to before me, this 13th day of May A.D., 1965.
 Harvey M. Wilson
In and for Buffalo County, Nebraska"
The present complaint does not contain a statement of facts but alleges only conclusions of law. The affidavit — complaint in Dinkelman recited facts. *Page 124 
 "Complaint and affidavit are not convertible terms. But if the complaint sufficiently states the criminal charge and constitutes an examination so as to authorize the issuance of a warrant of arrest, and a jurat be attached, and it is properly certified by the magistrate, it will be essentially an affidavit in the meaning of the law."
 II J. Moore, A Treatise on Extradition and Interstate Rendition, § 553 (1891).
However the affidavit filed by Sergeant Schwartz does contain facts and does state the source of his information and grounds for his belief which were the subject of the complaint. Therefore the supporting papers properly show that the appellant was substantially charged with having committed a crime in the demanding state.
 "Generally, an affidavit based on information and belief is insufficient where it does not give the source of the information or the grounds for the belief; but it has been held that an affidavit on information and belief is sufficient where it states the sources of information and the grounds of belief."
35 C.J.S. Extradition § 14 (8) (1960).
To the same effect see 31 Am.Jur.2d Extradition § 38 (1967).
The propriety of a warrant issued upon an affidavit based on hearsay has been established. Jones v. United States,362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960); Cossette v. Florida,221 So.2d 427 (Fla.App. 1969). An affidavit similar to the present one was sufficient to authorize extradition in Tingleyv. State, 34 Ala. App. 379, 41 So.2d 276 (1949).
Additionally we note that in Michigan a complaint may be filed on information and belief. § 767.3 M.C.L.A. People v.Birch, 329 Mich. 38, 44 N.W.2d 859 (1951); People v. Collins,52 Mich. App. 332, 217 N.W.2d 119 (1974); People v. Luster,34 Mich. App. 447, 191 N.W.2d 488 (1971). A warrant will be issued upon a finding of probable cause. § 767.4 M.C.L.A. When a complaint is issued the judge's primary function is to determine if a crime has been committed and, if so, if there is probable cause to believe that the defendant committed it.People v. Duncan, 388 Mich. 489, 201 N.W.2d 629 (1972).
The complaint, supplemented by the affidavit, and warrant of arrest, complied with the Alabama statutes requiring "a copy of [any] affidavit made before a magistrate there, together with a copy of any warrant which was issued thereon". § 15-9-31 and §15-9-33, Code of Alabama 1975.
 II
The appellant's second challenge to the legality of his detention is based on the conflict in evidence between the extradition papers and his own testimony that he was not present in the State of Michigan at the time the offenses charged were committed. He alleges that his testimony "positively refuted the contention of the State of Michigan that appellant was a fugitive from justice".
This issue was best answered in State v. Curry, 2 Ala. App. 251,56 So. 736 (1911).
 "The most that can be said in behalf of the petitioner as to the evidence on the issue raised as to the fact of his being a fugitive from justice is that the evidence on that subject is in conflict. `The court will not discharge a defendant where there is merely contradictory evidence on the subject of presence in or absence from the (demanding) state, as habeas corpus is not the proper proceeding to try the question of alibi, or any question as to the guilt or innocence of the accused.' Munsey v. Clough, 196 U.S. 364, 375, 25 S.Ct. 282, 285, 49 L.Ed. 515; Bruce v. Rayner [4th Cir.], 124 F. 481, 62 C.C.A. 501; McNichols v. Pease, 207 U.S. 100, 28 S.Ct. 58, 52 L.Ed. 121."
Curry, 2 Ala. App. at 255, 56 So. at 736.
The judgment of the Circuit Court of Jefferson County in denying the appellant's petition for writ of habeas corpus was correct and is affirmed.
AFFIRMED.
All Judges concur. *Page 300